IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WINIFRED LIUE MUTSCHMANN, and
PHYLISS HSU FOLKES as co-trustee of the
WINIFRED LIU TRUST No. 1, and the
WINIFRED LIU TRUST No. 2.

    Plaintiffs,

v.                                      Case No. 1:17-cv-00505

NEW YORK LIFE INSURANCE COMPANY, and
LARRY MANUEL

    Defendants.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant New York Life Insurance Company ("New York Life" or "NYLIC"),[1] by and through undersigned counsel, removes to this Court the above-captioned action (the "Action") from the Second Judicial District Court, County of Bernalillo, State of New Mexico. In support of removal, Defendant respectfully states the following:

### I.    GROUNDS FOR REMOVAL

On or about March 10, 2016, Plaintiffs commenced the Action, entitled *Winifred Liu Mutschman and Phyllis Hsu Folkes v. New York Life Insurance Company and Larry Manuel.*, in the Second Judicial District Court, County of Bernalillo, State of New Mexico by filing Plaintiffs' Complaint for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Tortious Bad Faith, Violations of the Unfair Practices Act, and Violations of the Unfair Trade Practices Act (the "Complaint").

---

[1] Plaintiff has improperly named New York Life Insurance Company as a Defendant in this case. The correct legal entity is New York Life Insurance & Annuity Corporation ("NYLIAC"). New York Life will request Plaintiff to file an amended complaint with the correct entity or move to amend the caption.

The Complaint was served on New York Life on March 30, 2017.

As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because New York Life has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

Defendant filed its notice to remove this Action within thirty-days of receipt of the Complaint. *See* 28 U.S.C. §1446(b)(1). Thus, this removal is timely. *See id.*

Removal to this Court is proper because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Therefore, this Action is properly removed to the District of New Mexico.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed by Plaintiff, and served upon Defendant, are attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the District Court, Bernalillo County, Second Judicial District.

This Notice of Removal is submitted in lieu of filing an answer in the Second Judicial District Court, County of Bernalillo, State of New Mexico under the New Mexico Rules of Civil Procedure.

### III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

Federal courts have original jurisdiction over actions in which there is complete diversity of citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(a). This Action meets those two requirements.

A.     **There is Complete Diversity Between the Parties.**

There is complete diversity, as follows:

Plaintiffs are both residents and thus citizens of the State of New Mexico. *See* Complaint at ¶1 and 2.

New York Life is a mutual insurance company with its principal place of business in New York.[2] Defendant Larry Manuel is a citizen of California.

B.     **The Amount in Controversy Requirement is Satisfied.**

In their Complaint, Plaintiffs asserted that Plaintiff Mutschmann made initial premium payments in the total amount of $1,063,511.34 for two life insurance policies. *See* Complaint at 3. Among other things, Plaintiff asserts that New York Life was required to reinstate both policies and that New York Life engaged in unconscionable trade practices. *See* Complaint at ¶40 and ¶52.

The Supreme Court of the United States of America recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Graham v. Troncoso*, 2015 WL 1568433, at *6 (D.N.M. Mar. 30, 2015)(Browning, J.)(citing *Dart Cherokee Basin Operating Co. v. Owen*, 135 S.Ct. 547, 554 (2014)). The district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation." *Graham v. Troncoso*, 2015 WL 1568433, at *6 (D.N.M. Mar. 30, 2015)(citing *Dart Cherokee Basin Operating Co. v. Owen,*. 135 S.Ct. at 554).

While Plaintiffs do not provide a specific dollar amount of damages in the Complaint, the amount that they placed in controversy plainly exceeds $75,000. In this case, Plaintiffs seek

---

[2] NYLIAC, the correct legal entity that should be named as a defendant rather than NYLIC, is a Delaware corporation with its principal place of business in New York, and thus diversity is maintained.

compensatory and punitive damages related to the payment of over one-million dollars in policy premiums. The amount in controversy in this case thus necessarily exceeds $75,000 as Plaintiffs are seeking, among other things, the return of the premium payments that they made.

### IV.   ALL DEFENDANTS CONSENT TO REMOVAL

New York Life has contacted counsel for Defendant Larry Manuel, who has indicated that Mr. Manuel consents to removal of this case.

WHEREFORE, Defendant respectfully removes this action from the District Court, Bernalillo County, Second Judicial District, to this Court pursuant to 28 U.S.C. § 1441.

> MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.
>
> By: */s/ Jeremy K. Harrison*
> R.E. Thompson
> Jeremy K. Harrison
> Post Office Box 2168
> 500 Fourth Street NW, Suite 1000
> Albuquerque, New Mexico  87103-2168
> Telephone: 505.848.1800
> Facsimile: (505) 848-9710
> *Attorneys for Defendant New York Life Insurance Company.*

I HEREBY CERTIFY that on the 28th day of April, 2017, I filed the foregoing electronically through the CM/ECF system. A copy was sent to the following parties of record via electronic mail:

Thomas J. Budd Mucci
MUCCI LAW FIRM
504 14th St. NW
Albuquerque, NM 87104
(505) 247-2211
tom@muccilaw.com

Renee N. Ashley
RENEE N. ASHLEY, ESQ., ATTORNEY AT LAW
11101 Faye Ave. NE
Albuquerque, NM 87112
(505) 908-0336
reneeashleylaw@gmail.com

Kimberly Brusuelas
BRUSUELAS & ASSOCIATES, PC
1015 Fifth Street, NW
Albuquerque, NM 87102
(505) 247-9333
kim@fifthstreetlaw.com

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: /s/ Jeremy K. Harrison
    Jeremy K. Harrison


W2922741.DOCX