FILED IN MY OFFICE
DISTRICT COURT CLERK
3/10/2017 10:52:50 PM
James A. Noel
Latoya Grayes

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

WINIFRED LIU MUTSCHMANN, and
PHYLLIS HSU FOLKES as co-trustee of the
WINIFRED LIU TRUST No. 1, and the
WINIFRED LIU TRUST No. 2.

           Plaintiffs,

v.                                         Case No. __D-202-CV-2017-01767__

NEW YORK LIFE INSURANCE COMPANY, and
LARRY MANUEL,

           Defendants.

## COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, TORTIOUS BAD FAITH, VIOLATIONS OF THE UNFAIR INSURANCE PRACTICES ACT, AND VIOLATIONS OF THE UNFAIR TRADE PRACTICES ACT

**COME NOW** Plaintiffs by and through their counsel, Thomas J. Budd Mucci (Mucci Law Firm) and Renee N. Ashley (Renee N. Ashley, Esq. Attorney at Law), and for their Complaint for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Tortious Bad Faith, Violations of the Unfair Insurance Practices Act, and Violations of the Unfair Trade Practices Act state:

### JURISDICTION AND VENUE

1. At all material times, Plaintiff Winifred Liu Mutschmann ("Ms. Mutschmann") is a resident of and domiciled in Bernalillo County, New Mexico.

2. At all material times, Plaintiff Phyllis Hsu Folkes ("Ms. Folkes") is a resident of and domiciled in Bernalillo County, New Mexico.

3. At all material times, Ms. Folkes has been the sole-surviving co-trustee of the Winifred Liu Mutschmann Trust No. 1 ("Trust No. 1") and the sole-surviving co-trustee of the

EXHIBIT A

Winifred Liu Mutschmann Trust No. 2 ("Trust No. 2") (hereafter referred to collectively as the "Trusts"), both executed on January 29, 1993, and has the power under the terms of both Trusts to bring litigation on behalf of each Trust. The other Co-Trustee of both Trusts, Amy Hsu Phipps, is now deceased.

   4. The situs of the Trusts is Albuquerque, Bernalillo County, New Mexico. Ms. Mutschmann, is the settlor of the Trusts.

   5. On or about October 8, 2000, obtained two replacement life insurance policies through Defendant Larry Manuel ("Defendant Manuel"), policy numbers 62799584 ("Policy No. 1") and 62799585 ("Policy No. 2") to Ms. Mutschmann (hereafter referred to collectively as the "Policies").

   6. The Policies replaced two Merrill Lynch life insurance policies that originally funded the Trusts. The names and addresses of both Co-Trustees appear on numerous documents pertaining to the Merrill Lynch life insurance policies.

   7. Ms. Mutschmann was the owner and insured under each of the Policies, and Trust No. 1 was the sole beneficiary of Policy No. 1 and Trust No. 2 was the sole beneficiary of Policy No. 2.

   8. Early in 2016, Ms. Folkes went to one of Defendant's New York Life Insurance offices to inquire about the Policies and was told that they had been cancelled in March 2013 due to non-payment of premiums, but that both Policies could be reinstated if the past due premiums were paid.

   9. Upon information and belief, Defendant New York Life is incorporated in Delaware with its principal place of business located at 51 Madison Avenue, New York, New York 10010.

10. New York Life regularly conducts business in New Mexico, is registered with the New Mexico Office of the Superintendent of Insurance, and maintains a registered agent for process of service in New Mexico. New York Life's acts and omissions described herein were undertaken through its various agents and via U.S. Mail both within New Mexico and across state lines.

11. Larry Manuel is a licensed insurance agent and financial planner who regularly conducts business in Bernalillo County, New Mexico.

12. This Court has subject matter and personal jurisdiction over the parties and the causes of action herein.

13. Venue of this matter is properly in Bernalillo County, New Mexico.

14. The laws of the State of New Mexico apply to this action.

## FACTUAL BACKGROUND

15. The allegations stated in previous paragraphs are incorporated by reference herein.

16. On or about October 8, 2000, Ms. Mutschmann was issued Policy No. 1 through Agent Larry K. Manuel for which she paid the first premium payment of $515,850.76, and Policy No. 2 for which she paid the first premium payment of $547,660.58.

17. The Policies are what Defendant New York Life calls Universal Life Policies, and are interest sensitive, flexible premium life insurance policies that permit a policy owner, among other things, to stop paying premiums as long as there is sufficient cash surrender value to cover the monthly charges.

18. Upon information and belief, Defendants made representations to Ms. Mutschmann that led her to believe that no further premium payments would be necessary to

sustain the Policies until their maturation date, when she reached the age of 100, on April 9, 2019.

19. Early in 2016, Plaintiff Folkes discovered that Defendant New York Life had cancelled the Policies in March 2013 citing non-payment of premiums as its reason.

20. Defendant New York Life represented that it had mailed notice of both the non-payment of premiums in February 2013 and the notice of cancellation in March 2013 to the address provided for Ms. Mutschmann on her applications for the Policies.

21. Defendant New York Life represented that there was only one instance where mail was returned in 2008, and that, at one point, they emailed Defendant Manuel to inquire as to whether the address provided on the application was accurate, but received no response.

22. However, Defendant Manuel represented that he never received such email from Defendant New York Life.

23. Contrary to Defendant New York Life's contention that had only one instance where mail was returned in 2008, several documents provided to Plaintiffs since the 2016 discovery indicate that mail sent to the address on file was unclaimed, archived and not mailed, such as a January 2013 notice of non-payment mirroring the 2013 February notice of non-payment, and the 2011 and 2012 annual reports for Policy No. 1.

24. Furthermore, Defendant New York Life did not attempt to telephone Ms. Mutschmann at the telephone number also provided on the applications for the Policies.

25. After the 2016 discovery, Defendant New York Life represented to Plaintiff Folkes that the Policies may be reinstated provided the past due premiums were paid.

26. Plaintiffs retained counsel to represent them in reinstating the Policies, and after over one (1) year of negotiations, on March 1, 2017, New York life refused to reinstate the

policies unless the past due premiums were paid, future premiums were increased, a new medical exam was performed on Ms. Mutschmann, and with new underwriting.

## COUNT I: BREACH OF CONTRACT

27. The allegations stated in previous paragraphs are incorporated by reference herein.

28. Defendant has breached the insurance contract by cancelling the Policies for failing to remit premium payments knowing Ms. Mutschmann was under the impression that the Policies would "pay for themselves," failing to notify Plaintiffs of the notice of non-payment of premiums, failing to notify Plaintiffs of the cancellation of the Policies and failing to reinstate the Policies.

29. Defendant's conduct violated its duties under the insurance contract and applicable law, materially breached the insurance contract, and denied Plaintiffs the benefit of their bargain.

30. Furthermore, Defendant's actions were intentional, willful, reckless, conducted in bad faith, and violate law and equity.

31. Defendant's actions actually and proximately caused damage to Plaintiffs.

32. Plaintiffs have been forced to hire counsel to resolve this issue and have incurred costs and attorney fees as a direct consequence of Defendant's breach.

## COUNT II: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

33. The allegations stated in previous paragraphs are incorporated by reference herein.

34. Defendant has breached the implied covenant of good faith and fair dealing inherent in all contracts by cancelling the Policies for failing to remit premium payments

knowing Ms. Mutschmann was under the impression that the Policies would "pay for themselves," failing to notify Plaintiffs of the notice of non-payment of premiums, failing to notify Plaintiffs of the cancellation of the Policies and failing to reinstate the Policies unless Plaintiffs complied with their demands for additional payments and actions.

35. Defendant's conduct violated their duties under the insurance contract to deal with Plaintiffs in good faith, placing their interests above that of Plaintiffs and preventing Plaintiffs from realizing the benefit of their bargain.

36. Furthermore, Defendant's actions were intentional, willful, reckless, conducted in bad faith, and violate law and equity.

37. Defendant's actions actually and proximately caused damage to Plaintiffs.

38. Plaintiffs have been forced to hire counsel to resolve this issue and have incurred costs and attorney's fees as a result.

## COUNT III: TORTIOUS BAD FAITH

39. The allegations stated in previous paragraphs are incorporated by reference herein.

40. Defendant owed a duty to Plaintiffs to provide insurance according to Ms. Mutschmann's reasonable expectations under the circumstances, to promptly and adequately provide notice if further premium payments were required to prevent the Policies from lapsing, to promptly and adequately notify Plaintiffs New York Life cancelled the Policies and to reinstate the Policies according to the terms of the Policies and applicable law.

41. Defendant breached these duties by cancelling the Policies for failing to remit premium payments knowing Ms. Mutschmann was under the impression that the Policies would "pay for themselves," failing to notify Plaintiffs of the notice of non-payment of premiums,

failing to notify Plaintiffs of the cancellation of the Policies and failing to reinstate the Policies unless Plaintiffs complied with their demands for additional payments and actions.

42. Defendant's breaches of its duties to Plaintiffs were in bad faith, and, at all material times, Defendant placed its own interests above those of Plaintiffs.

43. Defendant's actions actually and proximately caused damage to Plaintiffs.

44. Furthermore, Defendant's actions were intentional, willful, reckless, conducted in bad faith, and violate law and equity.

45. Plaintiffs have been forced to hire counsel to resolve this issue and have incurred costs and attorney's fees as a result.

## COUNT IV: UNFAIR INSURANCE PRACTICES

46. The allegations stated in previous paragraphs are incorporated by reference herein.

47. Defendant's conduct described herein violated the New Mexico Unfair Insurance Practices Act, including but not limited to the following ways:

    a. misrepresented to the insured pertinent facts or policy provisions relating to coverages at issue (§ 59A-16-20(A));

    b. failed to adopt and implement reasonable standards for the prompt investigation and processing of insured's claims arising under policies (§ 59A-16-20(C));

    c. failed to attempt in good faith to effectuate prompt, fair and equitable settlement of an insured's claims in which liability has become reasonably clear (§59A-16-20(E));

  d. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured when such insured has made claims for amounts reasonably similar to amounts ultimately recovered (§59A-16-20(G));

  e. failing to settle an insured's claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under other portions of the policy coverage (§59A-16-20(M)); and,

  f. failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement (§ 59A-16-20(N)).

48. Further, Defendant has knowingly and willfully violated NMSA 1978, § 59A-16-23 by making false material statements, including about policy coverage.

49. Defendant's actions were intentional, willful, reckless, conducted in bad faith, and violate law and equity.

50. Consequent to these acts and omissions, Plaintiffs suffered actual damages, and furthermore, seek to recover costs and attorney fees from Defendant pursuant to NMSA 1978, §§ 59A-16-30 and 39-2-1, as well as extra-contractual damages and punitive damages.

### COUNT V: UNFAIR TRADE PRACTICES

51. The allegations stated in previous paragraphs are incorporated by reference herein.

52. Defendant has engaged in unfair and deceptive trade practices, as defined in NMSA 1978, § 57-12-2, including but not limited to:

  a. the making of false and misleading statements in connection with coverage, non-payment, cancellation and reinstatement services contrary to § 57-12-2(D)(14), (15) and (17); and,

  b. the failure to disclose material facts which deceived or tended to deceive Plaintiffs in connection with coverage, non-payment, cancellation and reinstatement services contrary to § 57-12-2(D)(11), (14), (15) and (17).

53. Further, Defendant has engaged in unconscionable trade practices by taking advantage of the lack of knowledge, ability and experience or capacity of Plaintiffs to a grossly unfair degree.

54. Defendant's actions were intentional, willful, reckless, conducted in bad faith, and violate law and equity.

55. This conduct has proximately caused damages to the Plaintiffs, and furthermore, Plaintiffs seek to recover costs and attorney fees from Defendant pursuant to NMSA 1978, §§ 59A-16-20, 29-2-1 and 59-12-10 as well as extra-contractual damages and punitive damages.

**WHEREFORE** Plaintiffs pray for damages, compensatory, statutory, special, equitable, exemplary and punitive, costs and interest, attorney fees and other relief as this Court deems proper.

       Respectfully submitted,

       MUCCI LAW FIRM

       _____/s/ Thomas J. Budd Mucci_____
       Thomas J. Budd Mucci
       504 14th St. NW
       Albuquerque, NM 87104
       Telephone: (505) 247-2211
       Email: tom@muccilaw.com

RENEE N. ASHLEY, ESQ.
ATTORNEY AT LAW


_____/s/ Renee N. Ashley_____
Renee N. Ashley
11101 Faye Ave. NE
Albuquerque, NM 87112
Telephone: (505) 908-0336
Facsimile: (505) 214-5404
Email: reneenashleylaw@gmail.com

***Attorneys for Plaintiffs***

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/10/2017 10:52:50 PM
James A. Noel
Latoya Grayes

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

**WINIFRED LIU MUTSCHMANN**, and
**PHYLLIS HSU FOLKES** as co-trustee of the
**WINIFRED LIU TRUST No. 1**, and the
**WINIFRED LIU TRUST No. 2**.

        Plaintiffs,

v.                    Case No. D-202-CV-2017-01767

**NEW YORK LIFE INSURANCE COMPANY,** and
**LARRY MANUEL**,

        Defendants.

## CERTIFICATE OF ARBITRATION

      Plaintiffs, by and through attorney of record Thomas J. Budd Mucci (Mucci Law Firm) and Renee N. Ashley (Renee N. Ashley, Esq. Attorney at Law), certify:

_____    This case is subject to referral to arbitration under Local Rule 2-603. No party seeks relief other than a money judgment and no party seeks an award in excess of $25,000.00, exclusive of punitive damages, interest, costs, and attorneys' fees.

 XX     This case is not subject to referral to arbitration under Local Rule 2-603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000.00, exclusive of punitive damages, interest, costs and attorneys' fees.

                            Respectfully submitted,

                            MUCCI LAW FIRM


                              /s/ Thomas J. Budd Mucci
                          Thomas J. Budd Mucci
                          504 14th St. NW
                          Albuquerque, NM 87104
                          Telephone: (505) 247-2211
                          Email: tom@muccilaw.com

    /s/ Renee N. Ashley
Renee N. Ashley
11101 Faye Ave. NE
Albuquerque, NM 87112
Telephone: (505) 908-0336
Facsimile: (505) 214-5404
Email: reneenashleylaw@gmail.com

***Attorneys for Plaintiffs***

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/22/2017 4:23:08 PM
James A. Noel
Lorenzo Renteria

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

**WINIFRED LIU MUTSCHMANN**, and
**PHYLLIS HSU FOLKES** as co-trustee of the
**WINIFRED LIU TRUST No. 1**, and the
**WINIFRED LIU TRUST No. 2**.

      Plaintiffs,

v.                                      Case No.  D-202-CV-2017-01767

**NEW YORK LIFE INSURANCE COMPANY,** and
**LARRY MANUEL**,

      Defendants.

## DEMAND FOR TRIAL BY JURY

      COMES NOW Plaintiffs, through counsel, Thomas Mucci pursuant to Rule 1-038 NMRA, and they hereby state as follows:
1.     Plaintiffs are entitled to demand jury by trial.
2.     Plaintiffs hereby demands a trial by jury.
3.     This matter is controlled by Rule 1-038, Rules of Civil Procedure for the District Courts.
4.     The full and proper initial fee for trial by jury of six ($150) has been tendered with this demand.

      WHEREFORE Plaintiffs hereby make their demand for jury by trial of six citizens of the State of New Mexico and further gives notice to Defendant of the demand herein.

                                             Respectfully submitted,

                                             MUCCI LAW FIRM

                                             _____/s/ Thomas J. Budd Mucci_____
                                             Thomas J. Budd Mucci
                                             504 14th St. NW
                                             Albuquerque, NM 87104
                                             Telephone: (505) 247-2211
                                             Email: tom@muccilaw.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/17/2017 8:36:28 AM
James A. Noel
Pam Martinez

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

**WINIFRED LIU MUTSCHMANN**, and
**PHYLLIS HSU FOLKES** as co-trustee of the
**WINIFRED LIU TRUST No. 1**, and the
**WINIFRED LIU TRUST No. 2**.

        Plaintiffs,

v.                                Case No. D-202-CV-2017-01767

**NEW YORK LIFE INSURANCE COMPANY,** and
**LARRY MANUEL**,

        Defendants.

## ENTRY OF APPEARANCE

COMES NOW attorney Kimberly Brusuelas (BRUSUELAS & ASSOCIATES, PC) and hereby enters her appearance as counsel of record for the Plaintiffs Winifred Liu Mutschmann and Phyllis Hsu Folkes as co-trustees of the Winifred Liu Trust No. 1 and the Winifred Liu Trust No. 2.

        Respectfully submitted,

        **BRUSUELAS & ASSOCIATES, PC**

By: /s/ Kimberly Brusuelas
    Kimberly Brusuelas, Esq.
    1015 Fifth Street, NW
    Albuquerque, NM  87102
    (505) 247-9333
    (505) 247- 9292 fax
    kim@fifthstreetlaw.com
    *Counsel for Plaintiffs*

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/18/2017 11:53:24 AM
James A. Noel
Edna Kasuse

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

WINIFRED LIU MUTSCHMANN, and
PHYLLIS HSU FOLKES as co-trustee of the
WINIFRED LIU TRUST No. 1, and the
WINIFRED LIU TRUST No. 2.

      Plaintiffs,

v.                                         Case No. D-202-CV-2017-01767

NEW YORK LIFE INSURANCE COMPANY, and
LARRY MANUEL,

      Defendants.

## SUMMONS ON COMPLAINT
## THE STATE OF NEW MEXICO

TO:         **NEW YORK LIFE INSURANCE COMPANY**

ADDRESS:    c/o Superintendent of Insurance for the State of New Mexico

You are required to serve upon Thomas Mucci, Esq. an answer or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file your answer or motion with the court as provided in rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

Attorney or attorneys for Plaintiff:

      Thomas J. Budd Mucci
      504 14th St. NW
      Albuquerque, NM 87104
      Telephone: (505) 247-2211
      Email: tom@muccilaw.com

    WITNESS the Honorable Shannon Bacon Judge of the Second Judicial District Court of the State of New Mexico, and the seal of the second judicial district court of Bernalillo County, this ___ day of _____, 2017.

                                                                   3/24/2017

(SEAL)

                                      JAMES A. NOEL
                                      CLERK OF THE DISTRICT COURT

                                      By: _____
                                               Deputy Clerk

## RETURN

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Bernalillo_ county on the _4th_ day of _April_, _2017_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*).

[✓] to the defendant by (mail) [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _Superintendent of Insurance_, an agent authorized to receive service of process for defendant _New York Life Insurance Company_. See Exhibit A: Acceptance of Service

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____ ∅ _____

_____

Signature of person making service

_/s/ munielas_____

Title (*if any*)

Subscribed and sworn to before me this __4th__ day of __April__, __2017__

_Cathy_____

Judge, notary or other officer

authorized to administer oaths

OFFICIAL SEAL
COURTNEY JOHNSON-VIDALES
Notary Public
State of New Mexico
My Comm. Expires 4/1/19

_Notary_____

Official title

# STATE OF NEW MEXICO
## OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE



Exhibit A

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

D-202-CV-2017-01767

WINIFRED LIU MUTSCHMANN, and PHYLLIS HSU FOLKES, as co-trustee of the WINIFRED LIU TRUST NO 1, AND THE WINIFRED LIU TRUST NO 2,
    Plaintiffs,

vs.

NEW YORK LIFE INSURANCE COMPANY, and LARRY MANUEL,
    Defendants

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons on Complaint The State of New Mexico; Complaint for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Tortuous Bad Faith, Violations of the Unfair Insurance Practices Act, and Violations of the Unfair Trade Practices Act; Certificate of Arbitration; Demand for Trial by Jury to Defendant New York Life Insurance Company was sent to Defendant NEW YORK LIFE INSURANCE COMPANY on March 30, 2017 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on April 4, 2017 as shown by return receipt by Postmaster.

In  hereunto set my official seal on this 7th day of April, 2017

*John D. Franchini*

Superintendent of Insurance